UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| KENNETH GREGORY WILLIAMS, | Case No. 6:17-cv-01695-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| OREGON DEPT. OF CORRECTIONS EMPLOYEES; RICK COURSEY; MICHAEL POPE; DAVID POWELL; T. LEMEN; RON MILES; LEONARD WILLIAMSON; CONNIE BARNETT; MICHAEL GOWER, | |
| Defendants. | |

AIKEN, District Judge:

Plaintiff, an inmate at Oregon State Penitentiary, filed suit pursuant to 42 U.S.C. § 1983 alleging violations of his federal due process rights. Defendants now move for summary judgment on all claims under Federal Rule of Civil Procedure 56. For the reasons set forth below, defendants' motion is granted, and this action is dismissed.

1 -   OPINION AND ORDER

BACKGROUND

On August 9, 2015, plaintiff was in the food line at Eastern Oregon Correctional Institution when a verbal dispute arose over plaintiff's perceived request for certain food items. Correctional Officer Pope wrote a Misconduct Report alleging that plaintiff committed the major rule violations of Disrespect I and Disobedience of an Order I. Nofziger Decl. ¶ 4 & Att. 2 at 3.

On August 13, 2015, Hearings Officer Powell conducted a disciplinary hearing. Plaintiff acknowledged his receipt of the Misconduct Report and indicated that he understood his rights. *Id.* ¶ 7 & Att. 2 at 1. Officer Powell found that the evidence did not support the charges of Disrespect I and Disobedience of an Order I and instead found that plaintiff committed the lesser violations of Disrespect II and Disobedience of an Order II. *Id.* Officer Powell recommended sanctions of five days in disciplinary segregation and seven days of "loss of privileges," which were approved. *Id.* Att. 2 at 2; *see also* Att. 3 at 10 ("loss of privileges" includes loss of "designated leisure time activities" and mandates confinement to the prisoner's cell area "except for: meals, call-outs, work assignments, assigned educational, professional and/or technical training classes, and visits" and one "worship service" per week). Plaintiff had been housed in disciplinary segregation since August 9, and he was released on the same day as the hearing. *Id.* at ¶ 7.

Plaintiff sought review and investigation of the disciplinary sanctions, and Executive Assistant Ron Miles informed plaintiff that his request had been denied in accordance with relevant administrative rules. Nofziger Decl. Att. 3 at 11, 16-18. Miles also informed plaintiff that he "found no procedural or administrative errors." *Id.* Att. 3 at 11.

On November 9, 2015, the Inspector General's office received a letter from plaintiff requesting administrative review. *Id.* Att. 3 at 2.

2 -  OPINION AND ORDER

On November 10, 2015, Connie Barnett, an Office Specialist, informed plaintiff that his case was not subject to administrative review due to the level of his violations. *Id.* Att. 3 at 1.

In February 2016, plaintiff again requested an investigation and dismissal of his disciplinary violations. Nofziger Decl. Att. 5 at 2-3. On April 26, 2016, Assistant Director Michael Gower responded and stated, "There is no information you were able to provide that demonstrates an injustice occurred and the above cases should be vacated. We reviewed the finding and found that the hearings officer sanctions were appropriate." *Id.* Att. 5 at 1.

On October 25, 2017, plaintiff filed the instant action.

## DISCUSSION

Plaintiff alleges three claims for relief. In Claim One, plaintiff alleges that Officer Pope submitted false allegations in the Misconduct Report and that Hearings Officer Powell made improper credibility findings and denied plaintiff's requests to interview witnesses, thus denying plaintiff access to evidence in violation of his federal constitutional right to procedural due process. In Claim Two, plaintiff alleges that Miles, Barnett, Gower, former EOCI Superintendent Rick Coursey, Assistant Superintendent T. Lemen, and former Inspector General Leonard Williamson had an administrative duty to investigate and correct the improper disciplinary process, and their refusal to do so deprived plaintiff of his right to procedural due process. In Claim Three, plaintiff alleges that Officer Pope's false allegations, along with the unfair disciplinary process and the denial of disciplinary appeals, caused plaintiff emotional distress and constituted deliberate indifference in violation of the 8th and 14th Amendments. Am. Compl. at 9-10 (ECF No. 25).[1]

---

[1] Plaintiff also names the Oregon Department of Corrections (ODOC) as a defendant in the caption of his Amended Complaint, although plaintiff maintains that he seeks relief only against the individual defendants in their individual capacities. To the extent plaintiff's

3 -   OPINION AND ORDER

Defendants argue that plaintiff's claims are untimely, and alternatively, that they fail on the merits. To prevail on their motion for summary judgment, defendants must show that there is no genuine dispute as to any material fact and defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must construe the pleadings and evidence and all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011)S.

I agree that plaintiff's claims are likely barred by the relevant two-year statute of limitations. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002). Defendants allegedly violated plaintiff's due process rights before and during the disciplinary hearing on August 13, 2015, and plaintiff did not file suit until October 25, 2017. While plaintiff is correct that the limitations period is tolled while a prisoner seeks administrative review of a disciplinary hearing, plaintiff was not entitled to administrative review because of the minor level – Level 4 – of his violations. *See* Nofziger Decl. Att. 2 at 1; Or. Admin R. 291-105-0085(1) ("Any order for rule violations on Level I or Level II of the major violation grid or, which recommends an extension of the inmate's parole release date or retraction of earned time, statutory good time or extra good time credits; or which recommends a deviation from the segregation sanction listed on the grid is subject to review by the Inspector General."). Regardless, I find that plaintiff's due process and deliberate indifference claims lack merit.

Oregon inmates who receive a major misconduct report have the right to a disciplinary hearing. *See* Or. Admin. R. 291-105-0026(1). Nonetheless, a prisoner is entitled to federal due-process protections only when a prison-disciplinary action "implicates a protected liberty interest

---

Complaint could be construed to allege claims against ODOC, it is well established that states and their instrumentalities – such as ODOC – are immune from suit in federal court absent waiver or abrogation of that immunity by Congress. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-101 (1984).

4 -   OPINION AND ORDER

in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). When a protected liberty interest is implicated, a prisoner is entitled to: 1) advance written notice of the charges and the evidence to be presented; 2) an opportunity to present documentary evidence and witnesses; 3) legal assistance if the charges are complex or the inmate is illiterate; 4) a written statement describing the reasons for the disciplinary action; and 5) a disciplinary decision supported by "some evidence in the record." *Wolff v. McDonnell*, 418 U.S. 539, 563, 565-66, 570 (1974); *see also Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

In this case, the imposed sanctions of five days in disciplinary segregation and seven days of lost privileges did not implicate a protected liberty interest, and plaintiff presents no other evidence of a significant and atypical hardship. *See Resnick v. Hayes*, 213 F.3d 443, 448-49 (9th Cir. 2000) (explaining that temporary placement in segregated housing pending a disciplinary hearing did not implicate a protected liberty interest); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (holding that placement in disciplinary segregation does not implicate a liberty interest because it "falls within the terms of confinement ordinarily contemplated by a sentence"); *see also Brown v. Or. Dep't Corr.*, 751 F.3d 983, 987-88 (9th Cir. 2014) (finding that a prisoner's 27-month placement in intensive, solitary segregation "without meaningful review" implicated a protected liberty interest).

Plaintiff nonetheless maintains that Officer Pope's Misconduct Report and the subsequent disciplinary findings resulted in his loss of an "incentive level" and the deferral of his parole at a subsequent parole review hearing before the Board of Parole and Post-Prison Supervision (the Board). The loss of incentive levels is not a significant and atypical hardship when compared

5 -   OPINION AND ORDER

with the ordinary restrictions imposed on prisoners, and it does not create a protected liberty interest. Further, it is well settled that the United States Constitution does not create a protected liberty interest in a pre-release expectation of parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 10-11 (1979).

Furthermore, in *Sandin*, the Supreme Court considered the following factors when finding a thirty-day confinement in disciplinary segregations did not constitute an atypical, significant deprivation: 1) the similarity between the conditions of disciplinary segregation and the conditions imposed on other inmates; 2) the relatively short duration of the time in disciplinary segregation; and 3) the lack of any direct or inevitable effect on the duration of the prisoner's underlying sentence. *Sandin*, 515 U.S. at 486-87. Here, plaintiff's time in segregation was short, and the disciplinary findings against plaintiff did not result in an inevitable or direct effect on the duration of his sentence. Rather, the findings were allegedly cited over one year later in a psychological report presented to the Board in a parole review hearing. *See, e.g., Luken v. Scott*, 71 F.3d 192, 193-94 (5th Cir. 1995) ("Any of a host of administrative or disciplinary decisions made by prison authorities might somehow affect the timing of a prisoner's release, but such effects have never been held to confer a constitutionally protected liberty interest upon a prisoner[.]"). At most, the deferral of parole was an indirect, collateral consequence of plaintiff's disciplinary violation and, as such, plaintiff's disciplinary sanctions did not implicate a protected liberty interest. Accordingly, plaintiff's procedural due process claims asserted in Claims One and Two are dismissed.

Similarly, plaintiff fails to establish deliberate indifference on the part of defendants. To sustain such a claim, plaintiff must allege that defendants' conduct deprived him of "the minimal civilized measure of life's necessities." *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994)

(citation omitted). The alleged false misconduct report and the failure to process his requests for administrative review did not deprive plaintiff any measure of life's necessities. Accordingly, Claim Three is also dismissed.

## CONCLUSION

For the reason explained above, defendants' Motion for Summary Judgment (ECF No. 28) is GRANTED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 30th day of January, 2019.

Ann Aiken
United States District Judge